UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>PARCO MERGED MEDIA CORP.,<br><br>    Debtor.<br><br>_____<br><br>BRUCE L. ROTHROCK, Sr.,<br><br>    Plaintiff,<br><br>    v.<br><br>PNC Bank, N.A., et al.,<br><br>    Defendants. | 2:12-mc-00245-JAW |

**ORDER ON MOTION TO WITHDRAW REFERENCE**

Concluding that 28 U.S.C. § 157 permits a bankruptcy judge to submit proposed findings of fact and conclusions of law in a core proceeding when the Constitution prohibits the entry of final judgment, the Court denies a motion to withdraw its reference to the Bankruptcy Court.

**I.     PROCEDURAL POSTURE**

On May 9, 2008, an involuntary Chapter 7 petition was filed against Parco Merged Media Corp. (Debtor) in the United States Bankruptcy Court for the District of Maine. The Bankruptcy Court appointed John C. Turner (Trustee) as Trustee. On November 16, 2012, one of the parties in interest, Bruce L. Rothrock, Sr., moved for this Court to withdraw its reference to the Bankruptcy Court of an

adversary proceeding involving Mr. Rothrock, the Trustee, and a bank, based on the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). *Mot. to Withdraw the Reference and Related Relief* (ECF No. 1) (*Pl.'s Mot.*). On December 11, 2012—four days after the deadline for filing an opposition to the Plaintiff's motion—the Trustee filed a motion to extend time to file an objection. *Mot. to Extend Time to File Objection* (ECF No. 4) (*Trustee's Mot.*). Mr. Rothrock opposed the motion to extend time on December 12, 2012. *Opp'n to Mot. to Extend Time to File Objection* (ECF No. 5) (*Pl.'s Opp'n*). The Trustee replied on December 14, 2012. *Limited Reply to the Response in Opp'n to Mot. to Extend Time to File Objection* (*Trustee's Reply*).

## II. DISCUSSION

Whether the Court must withdraw its reference, as Mr. Rothrock contends, turns on a pure question of law: whether a bankruptcy judge may submit proposed findings of fact and conclusions of law in a "core" proceeding.[1] Because the Court concludes that a bankruptcy judge may, there is no need to review the factual particulars of this complicated case.

### A. Legal Standard

Pursuant to Local Rule 83.6(a), "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are" automatically referred to the Bankruptcy Court. D. ME. LOC. R. 83.6(a); *see* 28

---

[1] For purposes of the motion for withdrawal, the parties agree that the proceeding in question is "core." *Pl.'s Mot.* at 17. The Court assumes, without deciding, that they are correct. The Court also assumes, without deciding, that the proceeding is one in which the Constitution prohibits the bankruptcy judge from entering final judgment.

2

U.S.C. § 157(a).  Although he contends that withdrawal in this case is required by the Constitution and therefore in that sense mandatory, Mr. Rothrock technically seeks "permissive withdrawal" under 28 U.S.C. § 157(d), which provides that "the district court may withdraw, in whole or in part, any case or proceeding . . . for cause shown." *Pl.'s Mot.* at 9 n.3, 11.  "Although neither § 157 nor the First Circuit defines what constitutes 'cause,' courts in this District balance a variety of factors, including 'judicial economy; whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested."[2]  *Turner v. Boyle*, 425 B.R. 20, 24 (D. Me. 2010).  "The moving party bears the burden of demonstrating cause."  *Id.*

### B. Bankruptcy Judges' Statutory and Constitutional Authority

Bankruptcy judges are authorized by statute to "hear and determine" all "core" bankruptcy proceedings, and to "enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1); *see* 28 U.S.C. § 157(b)(2) (listing examples of "core" proceedings). In a proceeding that "is not a core proceeding but [ ] is otherwise related to a case under title 11," bankruptcy judges may "hear [the proceeding] . . . and submit proposed findings of fact and conclusions of law to the district court."  28 U.S.C. § 157(c)(1).

The Supreme Court recently made clear, however, that Article III of the Constitution precludes bankruptcy judges from entering final judgment "[w]hen a

---

[2]  Mr. Rothrock does not focus on any of these balancing factors; he instead rests on his constitutional and statutory arguments about the authority of bankruptcy judges following *Stern*. *See Pl.'s Mot.* at 19.

3

suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789.'" *Stern v. Marshall*, 131 S. Ct. 2594, 2609 (2011) (quoting *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 90 (1982) (Rehnquist, J., concurring in judgment)).

### C. The Statutory Gap Argument

Mr. Rothrock contends that bankruptcy judges have no statutory authority to submit proposed findings of fact and conclusions of law in core proceedings. *Pl.'s Mot.* at 17. Accordingly, the argument goes, core proceedings that fall within *Stern*'s constitutional bar must be heard by a district judge in the first instance. Mr. Rothrock bases this argument on the language of 28 U.S.C. § 157, which expressly authorizes the submission of proposed findings of fact and conclusions of law in non-core proceedings. *Id.* (citing 28 U.S.C. § 157(c)). He argues that core proceedings are "statutorily ineligible for the report-and-recommendation procedure of § 157(c)(1)," and contends that "federal law does not permit a solution to this quandary through a court-created *ad hoc* process that has no foundation in the Code or in Title 28." *Id.* at 18.

### D. Caselaw

Caselaw weighs heavily against the statutory gap argument. While recognizing that 28 U.S.C. § 157(b) does not explicitly authorize the submission of proposed findings of fact and conclusions of law in a core proceeding, the Ninth Circuit recently concluded that "the power to 'hear and determine' a proceeding surely encompasses the power to hear the proceeding and submit proposed findings

4

of fact and conclusions of law to the district court." *Exec. Benefits Ins. Agency v. Arkison* (*In re Bellingham Insurance Agency, Inc.*), 702 F.3d 553, 565 (9th Cir. 2012). The Ninth Circuit's interpretation of the phrase "hear and determine" was informed by its understanding that "Congress enumerated the examples of core proceedings in § 157(b)(2) with 'a view toward expanding the bankruptcy court's jurisdiction to its constitutional limit.'" *Id.* (quoting *Duck v. Munn* (*In re Mankin*), 823 F.2d 1296 (9th Cir. 1987)). The Ninth Circuit's holding drew additional support from "the *Stern* Court's tacit approval of bankruptcy courts' continuing to hear and make recommendations about statutory core proceedings in which entry of final judgment by a non-Article III judge would be unconstitutional." *Id.* at 566. The *Bellingham* Court noted that the district court that heard *Stern* before it reached the Supreme Court "treated the bankruptcy court's judgment as proposed rather than final, and reviewed the judgment de novo" based on its view that the bankruptcy court lacked the constitutional authority to enter final judgment; "[n]owhere did the *Stern* Court object to the district court's judgment." *Id.* (internal punctuation omitted). The *Bellingham* Court also quoted passages from *Stern* emphasizing that the *Stern* holding does not "meaningfully change[ ] the division of labor in the current statute" and that "the question presented [in *Stern*] is a 'narrow' one." *Id.* (quoting *Stern*, 131 S. Ct. at 2620).

Most district and bankruptcy courts that have addressed the issue have reached the same conclusion. *See Kirschner v. Agoglia*, 476 B.R. 75, 82 (S.D.N.Y. 2012) (Rakoff, J.) (collecting cases); *see also Sec. Inv. Protection Corp. v. Bernard L.*

5

*Madoff Inv. Sec. LLC* (*In re Madoff Secs.*), No. 12 MC 115 (JSR), 2013 U.S. Dist. LEXIS 2517, *26 (S.D.N.Y. Jan. 4, 2013) (Rakoff, J.) (noting that judges in the Southern District of New York have issued opinions that "display an emerging consensus"). In addition to holding that, under the statute, "effect should be given to Congress' clear intent that, whenever a bankruptcy court lacks the power to render a final judgment, it should render a report and recommendation," the *Kirschner* Court questioned whether "legislative permission is needed for this to occur." *Id.* The *Kirschner* Court concluded that it "is well within the inherent powers of a federal district court" to adopt a standing order (as the Southern District of New York has) permitting the district court to "treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution." *Id.* at 82-83.

The emerging consensus in the Southern District of New York extends to other jurisdictions. *See, e.g., ACC Retail Prop. Dev. and Acquisition Fund, LLC v. Bank of Am.*, No. 5:12-CV-361-BO, 2012 U.S. Dist. LEXIS 186666, *7-8 (E.D.N.C. Sept. 27, 2012); *Official Comm. of Unsecured Creditors v. Nat'l Patent Dev. Corp.* (*In re TMG Liquidation Co.*), C/A No. 7:12-629-TMC, 2012 U.S. Dist. LEXIS 76749, *5-7 (D.S.C. June 4, 2012); *Paloian v. Am. Express Co.* (*In re Canopy Fin., Inc.*), 464 B.R. 770, 773-75 (N.D. Ill. 2011); *McCarthy v. Wells Fargo Bank, N.A.* (*In re El-Atari*), No. 1:11cv1090 (LMB/IDD), 2011 U.S. Dist. LEXIS 133423, *7-15 (E.D. Va.

Nov. 18, 2011); *Field v. Lindell* (*In re The Mortg. Store, Inc.*), 464 B.R. 421, 426-28 (D. Haw. 2011); *Justmed, Inc. v. Byce* (*In re Byce*), No. 1:11-cv-00378-BLW, 2011 U.S. Dist. LEXIS 144115, *12-14 (D. Idaho Dec. 14, 2011).

The only case Mr. Rothrock cites as directly supporting his claim is *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012). *Pl.'s Mot.* at 18. The relevant passages in *Waldman* are only ambivalent dicta, however. Concluding that a bankruptcy court's entry of final judgment violated Article III, the *Waldman* Court considered "[w]hat to do about the violation." *Id.* at 921. The *Waldman* Court noted that "[a] practical remedy would be simply to direct the bankruptcy court to convert its final judgment . . . into proposed findings of fact and conclusions of law." *Id.* The *Waldman* Court observed both that the statute "does not expressly permit" such a remedy and that "one might argue that . . . Congress's grant of the greater power to enter final judgments implies a lesser authority to propose them." *Id.* The *Waldman* Court did not resolve the question, however, because it concluded that the claims were "not core." *Id.*; *Bellingham*, 702 F.3d at 566 n.8 (describing the Sixth Circuit's discussion in *Waldman* as "dicta").

The only other judicial statement this Court could find that arguably supports Mr. Rothrock's argument is a passing remark in dicta in a Seventh Circuit case. *Ortiz v. Aurora Health Care, Inc.* (*In re Ortiz*), 665 F.3d 906, 915 (7th Cir. 2011) ("For the bankruptcy judge's orders to function as proposed findings of fact or conclusions of law under 28 U.S.C. § 157(c)(1), we would have to hold that the debtors' complaints were 'not a core proceeding' but are 'otherwise related to a case

7

under title 11.' As we just concluded, the debtors' claims qualify as core proceedings and therefore do not fit under § 157(c)(1)"); *but see Bellingham*, 702 F.3d at 566 n.8 ("We do not find the *Ortiz* court's analysis of the issue thoroughly reasoned").

The Court finds the emerging consensus of other courts more convincing than the equivocal authority upon which Mr. Rothrock relies.

### E. Summary

Consistent with the substantial weight of authority from those courts that have considered the "statutory gap" question, this Court concludes that a bankruptcy judge may submit proposed findings of fact and conclusions of law in a core proceeding when Article III prohibits the entry of final judgment. Although Mr. Rothrock is correct that the statute does not expressly authorize the submission of proposed findings of fact and conclusions of law in core proceedings, that observation carries him only so far. The case would be different if the statute expressly prohibited the submission of proposed findings of fact and conclusions of law in core proceedings. It does not. In the context of the statute as a whole, the power to "hear and determine" a proceeding "surely encompasses the power to hear the proceeding and submit proposed findings of fact and conclusions of law to the district court" when the Constitution prohibits the entry of final judgment. *Bellingham*, 702 F.3d at 565.

8

## III. CONCLUSION

The Court DENIES Bruce L. Rothrock, Sr.'s Motion to Withdraw the Reference and Related Relief (ECF No. 1). The Court DISMISSES as moot John C. Turner's Motion to Extend Time to File Objection (ECF No. 4).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2013